JAMIE EPSTEIN, ATTORNEY AT LAW
107 Cherry Parke, Suite C, Cherry Hill, NJ. 08002
Tel.: (856) 979-9925
Attorney for: Plaintiffs

_____

| | | |
|---|---|---|
| NW., a minor, individually and by her Parent AW, | : : | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY |
| Plaintiffs | : | TRENTON VICINAGE |
| vs. | : : | *CIVIL ACTION* |
| Princeton Public Schools Board of Education | : : : : | Case: _____ cv _____ |
| | : | **COMPLAINT** |
| _____ | :_____ | |

# COMPLAINT

Plaintiff, A.W., individually and on behalf of her minor child, N.W., by way of Complaint say:

## JURISDICTION

1. This Complaint is brought seeking relief for denial of rights under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, et. seq., Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. Jurisdiction is based on 28 U.S.C. § 1331 and § 1343(1) and (3). Declaratory and injunctive relief are sought pursuant to 28 U.S.C. §§ 2201 and 2202.

2. This case comes to this Court following the 12/2/15 final decision of ALJ John F. Russo, in an action brought by the Plaintiffs on 8/27/15 in the New Jersey Office of Special Education under docket number O.A.L. EDS 15305-15.

## VENUE

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## THE PARTIES

4. Plaintiff N.W., is a student, under the age of 18, with disabilities, who is eligible for the services and protections of IDEA, 504 and ADA.

5. At all times relevant herein, NW resided in the Township of Princeton, County of Mercer and State of New Jersey.

6. Plaintiff, AW. is the parent and sole legal guardian of NW, and at all times relevant herein resided with her in the Township of Princeton, County of Mercer and State of New Jersey.

7. Defendant Princeton Public Schools Board of Education, (hereinafter referred to as "Princeton") is charged with the conduct, supervision, and management of the its public schools which is the school system established to provide a public education to children residing in the Princeton geographic area.

8. Defendant's principal place of business is located at 25 Valley Road, Princeton, NJ.

9. The Defendant is a local educational authority as defined by 20 U.S.C. §1401(a).

## FACTS

10. On 8/27/15, Plaintiffs filed a Request for Emergent Relief pursuant to the

IDEA, Section 504 and the ADA.

11. On 9/3/15, Plaintiffs retained Jamie Epstein, Esquire to represent them on the Request for Emergent Relief.

12. On 10/29/15, NW and Princeton BOE, appeared before ALJ Russo and entered into a settlement agreement on the merits and other claims including attorney's fees and costs at that time.

13. However, the settlement agreement was amended and not finalized until 11/18/15.

14. On 12/2/15, ALJ Russo entered a final decision incorporating the amended settlement agreement.

15. Plaintiffs did not waive their claim for attorney's fees and costs from 10/29/15 to 12/2/15.

16. On 12/2/15, Plaintiffs sent Defendant a demand for attorney's fees from 10/29/15 to 12/2/15 to which Defendant failed to respond.

17. Under the terms of the Plaintiffs' Legal Services Agreement their claim for said attorney's fees and costs are assigned to their attorney, Jamie Epstein, Esquire.

## CAUSES OF ACTION
## COUNT ONE
### (Individuals with Disabilities Education Act)

18. Plaintiffs repeat and re-allege each and every allegation set forth in preceding paragraphs of the Complaint with the same force and effect as though

each were fully set forth at length herein.

19. Pursuant to 20 U.S.C. § 1415(i)(3)(B), Plaintiff, AW is entitled to an award of reasonable attorney fees and costs as the parent of a child, with a disability, who is the prevailing party in her IDEA due process proceeding.

20. Plaintiffs retained counsel on a contingency basis to represent them and have incurred attorney fees and other expenses in connection with the Request for Emergent Relief that are not covered by the settlement.

21. Plaintiffs obtained substantial relief from Defendant and are, therefore, entitled to their reasonable fees and other costs as the prevailing parties.

WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

    a. Awarding reasonable attorney's fees and related costs incurred after 10/28/15 by Plaintiffs in connection with their Request for an Emergent Relief before the New Jersey Office of Administrative Law against Defendant;

    b. Awarding reasonable attorney's fees and costs of suit incurred in bringing forth within action for counsel fees before this United States District Court against Defendant.;

    c. Such other relief as the Court deems proper and just.

## COUNT TWO
### (§504 of the Rehabilitation Act)

22. Plaintiffs repeat and re-allege each and every allegation set forth in preceding paragraphs of the Complaint with the same force and effect as though

each were fully set forth at length herein.

23. Section 504 of the Rehabilitation Act of 1973, as amended, protects persons with handicapping conditions from discrimination or denial of services by programs receiving Federal funds. 29 U.S.C. Sec. 794(a).

24. NW is a person with disability for purposes as defined in 29 U.S.C. Sec. 705 (20)(b).

25. NW is "otherwise qualified" for the educational programs provided by the Defendant.

26. Defendant receives federal financial assistance for its educational programs.

27. Defendants failed to properly and timely accommodate NW's disabilities as a handicapped child in order for her to benefit from the public education otherwise available to non-disabled students.

28. Defendants' conduct constituted a violation of NW's rights under 29 U.S.C. Sec. 794.

29. Plaintiffs retained counsel to represent her in the administrative proceedings and has incurred attorney fees and other expenses in connection with their 8/27/15 Request for Emergent Relief.

30. Plaintiffs obtained substantial relief from their due process petition and are therefore entitled to reasonable fees and other costs from 10/29/15 to 12/2/15 as the

prevailing party pursuant to 29 U.S.C. § 794a.

WHEREFORE, Plaintiffs demands judgment against Defendant:

    a.    Attorney's fees, costs of suit and expenses incurred in prosecuting this action and the administrative action from 10/29/15 to 12/2/15.

    b.    Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable.

Attorney for Plaintiffs

*[signature]*

DATED: FEBRUARY 22, 2016    JAMIE EPSTEIN